AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Mechelle Tondeleah Clarke, | ) | Case No. 13-8215-JMH |
| | ) | |
| | ) | |
| | ) | |
| Defendant(s) | | |

FILED by _____ D.C.
APR 2 2 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of   April 19, 2013 thru April 20, 2013   in the county of   Palm Beach   in the   Southern   District of   Florida and elsewhere  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) | Possession with Intent to Distribute in Excess of 500 grams of a Mixture and Substance Containing Cocaine. |

This criminal complaint is based on these facts:
See attached affidavit of Special Agent Anderson B. Sullivan, Homeland Security Investigations (HSI).

☑ Continued on the attached sheet.

*Complainant's signature*

Anderson B. Sullivan, Special Agent HSI
*Printed name and title*

I find probable cause-

Sworn to before me and signed in my presence.

Date:   04/22/2013

*Judge's signature*

City and state:   West Palm Beach, Florida

U.S. Magistrate Judge James M. Hopkins
*Printed name and title*

## AFFIDAVIT

Your affiant, Anderson B. Sullivan, first being duly sworn, does hereby depose and state as follows:

1.  Your affiant is a Special Agent of United States Homeland Security Investigations (HSI), currently assigned to the Office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and has been employed in that capacity since June, 2007. Prior to being a HSI Special Agent, your affiant served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. After being hired as a Marine Enforcement Officer in 2002, your affiant received training at the United States Customs Service Academy. In 2007, as a Special Agent, you affiant received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies your affiant was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the United States Code as enumerated in Titles 8, 18, 19, 21, 31, and 46. As a HSI Special Agent, your affiant's duties and responsibilities include conducting criminal investigations of individuals and businesses who have violated federal laws, particularly those laws as found in Titles 8, 18, 19 and 21 of the United States Code. Your affiant has obtained experience from numerous investigations involving federal maritime law violations, narcotics smuggling, immigration smuggling, and violations of other Customs and Immigration laws. In total, your affiant has approximately 11 years of civilian federal law enforcement experience.

2.  This affidavit is based upon your affiant's own knowledge as well as information provided to him by other law enforcement officers. This affidavit does not set forth every fact

known to your affiant regarding the investigation but only those facts necessary to establish probable cause to secure an arrest warrant for Mechelle Tondeleah CLARKE, YOB 1988, for Possession With Intent to Distribute in Excess of 500 grams of Mixture and Substance Containing Cocaine, in violation of Title 21 United States Code, Sections 841(a)(1), and 841(b)(1)(B).

3. From April 19, 2013, thru April 20, 2013, Mechelle Tondeleah CLARKE, YOB 1988, traveled from the Bahamas to Riviera Beach, Florida, on the cruise ship Bahamas Celebration. Upon arrival at the Port of Palm Beach, located in Riviera Beach, Palm Beach County, Southern District of Florida, CLARKE presented herself to U.S. Customs and Border Protection (CBP) for inspection and admission to the United States.

4. CLARKE is a citizen and native of the Bahamas. CLARK had her Bahamas passport and her United States nonimmigrant visa in her possession.

5. Pursuant to customs border search authority, CBP officers conducted an inspection of CLARKE'S luggage. Upon inspection, CBP Officers discovered that CLARKE'S suitcase contained a secret compartment. Inside the secret compartment, CBP Officers discovered a package that contained a white powdery substance that field tested positive for the presence of cocaine.

6. The total weight of the cocaine and the packaging was approximately 2.25 kilograms. The packaging material consisted of a gift-wrap type exterior, duct or packing tape, and plastic vacuum-packaging type plastic material. Based on your affiant's training and experience, and personal observation of the packaging material and cocaine contained therein, the packaging material conservatively would not exceed 1 kilogram (2.2 pounds) in total weight, and that therefore, the weight of the mixture and substance containing a detectable amount of cocaine contained within the packaging shall significantly exceed 500 grams in net weight.

7. Following the defendant's detention by CBP officers, your affiant advised the defendant of her <u>Miranda</u> warnings as witnessed by HSI Special Agent Kenneth Cisneros. The defendant advised she understood her rights, and stated as follows: CLARKE stated that she met with unidentified coconspirators in the Bahamas. The coconspirators gave CLARKE the suitcase that contained the cocaine and directed her to take the suitcase to an address in West Palm Beach, Florida. CLARKE stated that the coconspirators agreed to pay her $2,000.00 - $3,000.00 to transport the suitcase to the United States. CLARKE stated that she knew that there were drugs in the suitcase, but she did know neither the type nor the quantity. CLARKE stated that she knows that transporting drugs from the Bahamas to the United States is against the law.

8. Based on the foregoing, your affiant respectively submits that probable cause exists to charge Mechelle Tondeleah CLARKE, with knowingly and willfully possessing in excess of 500 grams of a mixture and substance containing a detectable amount of cocaine with intent to distribute the same, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Special Agent Anderson B. Sullivan
Homeland Security Investigations

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 22ND DAY OF APRIL, 2013, AT
WEST PALM BEACH, FLORIDA.

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 13-8215-JMH

### BOND RECOMMENDATION

DEFENDANT: MECHELLE TONDELEAH CLARKE

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   John C. McMillan, Jr.

Last Known Address: _____

What Facility: _____

Agent(s):   HSI S/A Anderson B. Sullivan
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
United States Department of Homeland Security

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.  13-8215-JMH

UNITED STATES OF AMERICA

vs.

MECHELLE TONDELEAH CLARKE,

Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes   X   No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes   X   No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
JOHN C. McMILLAN, JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov